**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CASE NO. CR 10-00666-PHX-JAT |
| Plaintiff, | |
| vs. | **ORDER** |
| Francisco Gomez Cazares, *et al*., | |
| Defendants, | |

Pending before the Court is pro se third party movants', Angelina Mendoza Ochoa and Jesus Arely Salazar's (the "movants"), Motion for Leave to File for a Hearing of a Third Party Property Interest Under § 853(n)(2) Out of Time (Doc. 217). The Government has filed a Response (Doc. 220) and the movants have filed a Reply (Doc. 224).

Also pending before the Court is the movants' Motion for Appointment of Counsel (Doc. 229). The movants have also filed an Affidavit in Support (Doc. 230). The Government has filed a Response (Doc. 231) and a Supplemental Response in Opposition to the movants' motion (Doc. 232). Finally, the movants have filed a Reply (Doc. 236). Pending before the Court is also the movants' Motion for an Enlargement of Time to file their Reply (Doc. 233). The Court denies the movants' three motions for the following reasons.

**I.      BACKGROUND**

This case arose after an Indictment was returned in this action on May 20, 2010, charging five Defendants with two counts of violating laws concerning a Schedule II

1

1 controlled substance. (Doc. 9). The movants were not among the Defendants. As part
2 of the Indictment, it was ordered that upon conviction of one or more of the offenses,
3 Defendants shall forfeit to the Government all right, title, and interest in a parcel of real
4 estate commonly referred to as 6542 West Coolidge Street, Phoenix, Arizona 85033 and
5 more particularly described as: Lot two hundred thirty-two (232), Parkside Unit Three,
6 According to the Plat of Records in the Office of the County Recorder of Maricopa
7 County, Arizona in Book 161 of Maps, Page 7 (the "Property"). (Doc. 9 at 2-3).

8 At the time of the Indictment the Property was titled in the name of Evangelina
9 Gomez and Jose Alfredo Garcia Mendoza who were not named as Defendants. In order
10 to protect the interest of the Government in the Property, a Lis Pendens was recorded
11 with Maricopa County Recorder, Helen Purcell, on May 27, 2010, giving notice to all
12 interested persons that the Property was subject to forfeiture and any interest of the
13 Defendants, specifically the interests of Evangelina Gomez and Jose Alfredo Garcia
14 Mendoza, was subject to the Government's interest pending to the outcome of this
15 action. (Doc. 220-1 at 2-3).

16 Over one year after the Lis Pendens was filed, on May 31, 2011, an Order of
17 Forfeiture was entered by the Court condemning and forfeiting the Property. (Doc. 114,
18 115, 116). The Order of Forfeiture directed the Government to publish notice of the
19 Order in a manner as the Government may direct and stated the Government "may also,
20 to the extent practicable, provide written notice to any person known to have an alleged
21 interest in the Subject Property." (*Id*. at 2).

22 On June 2, 2011, Evangelina Gomez and Jose Alfredo Garcia Mendoza
23 purported to convey their interest in the Property by Quit Claim Deed to Martin Chavez.
24 (Doc. 220-1 at 5). However, the legal description of this Quit Claim Deed incorrectly
25 identified the Property as Lot 202 rather than Lot 232. *See* (*Id*.). On August 8, 2011, a
26 new Quit Claim Deed was filed by Evangelina Gomez and Jose Alfredo Garcia
27 Mendoza, again purporting to convey their interest in the Property to Martin Chavez.
28

1  (*Id*. at 7).  Seventeen days later, on August 25, 2011, Martin Chavez purported to
2  convey his interest in the Property by Quit Claim Deed to the movants.  (Doc. 217 at 4).
3        Almost two years after the Lis Pendens was filed and a year after the Order of
4  Forfeiture was entered, on May 7, 2012, the Government sent a Notice of Third Party
5  Claimant Procedure (the "Letter") to the movants, addressed to Evangelina Gomez,
6  informing any third party that the Property was subject to forfeiture.  The Letter
7  contained a cover letter (*id*. at 5) explaining the situation to the movants and a Notice of
8  Forfeiture (Doc. 220-1 at 9) describing the Property and the Order of Forfeiture entered
9  by the Court over a year earlier.  The cover letter instructed the movants that the Notice
10 of Forfeiture describes the property forfeited and the procedure for filing a claim to any
11 of the property in which they may have a legal right, title or interest.  (Doc. 217 at 5).
12 The cover letter stated that the movants must file a claim by mail within thirty days of
13 the receipt of the Notice of Forfeiture or within thirty days of the last publication of the
14 Order of Forfeiture, whichever is earlier, and as of the date of the cover letter, the
15 Notice of Forfeiture had not yet been published so movants would likely only have
16 thirty days from receipt of the Letter to file a claim.  (*Id*.).  Further, the cover letter
17 erroneously instructed the movants to file any petition they may file in the "Untied
18 States District Court for the District of Columbia" with a copy to the undersigned
19 attorney for the Government, Reid C. Pixler.  (*Id*.).  The cover letter also instructed the
20 movants that the appropriate addresses for filing a claim "appear in the enclosed Notice
21 of Forfeiture."  (*Id*.).  Finally, the cover letter instructed the movants that any petition
22 they file "must identify the particular property or properties which the petitioner claims
23 a legal right, title or interest," and the only reference to the Property at issue was
24 contained in the enclosed Notice of Forfeiture.  (*Id*.).
25       The movants sent a letter back to the Government in October 2012,
26 acknowledging receipt of the Government's "letter" and pointing out the typographical
27 error in the cover letter whereby the Government instructed the movants to file any
28 petition they may file with the "United States District Court for the District of

1 Columbia." (*Id*. at 7). The movants told the Government that they "consider the notice
2 defaulted" due to the error and that the error "should be basis to toll the time for a
3 proper and adequate petition." (*Id*.).

4 On October 25, 2012, the movants filed the pending motion for a Hearing of a
5 Third Party Property Interest Under § 853(n)(2) (Doc. 217).

6 On March 19, 2013, the movants filed the pending motion for appointment of
7 counsel (Doc. 229). The movants claim they are unable to retain counsel due to
8 economic conditions and concede that "the appointment of counsel in a Civil Case is not
9 a right, but the Court may do so in the interest of justice and fairness to protect due
10 process and the integrity of the judicial process." (*Id*. at 2).

11 **II. ANALYSIS**

12     **A. Motion for a Hearing (Doc. 217)**

13 Criminal forfeitures of property are governed by 21 U.S.C. § 853. Under section
14 853(a), property that is subject to forfeiture is any real property that a defendant,
15 "convicted of a violation of this subchapter or subchapter II of this chapter punishable
16 by imprisonment for more than one year," "used, or intended to [ ] use[ ], in any manner
17 or part, to commit, or to facilitate the commission of, such violation." § 853(a)(2).
18 Further, third party transfers like the one at issue in this case are governed by subsection
19 (c) which states,

> [a]ll right, title, and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section. Any such property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes in a hearing pursuant to subsection (n) of this section that he is a bona fide purchaser for value of such property who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture under this section.

27 § 853(c). Under section 853(n)(1), "[t]he Government may also, to the extent
28 practicable, provide direct written notice to any person known to have alleged an

4

1 interest in the property that is the subject of the order of forfeiture as a substitute for
2 published notice as to those persons so notified." That is exactly what the Government
3 has done in this case. A third party claimant that asserts a legal interest in the property
4 which has been ordered forfeited to the United States may, within thirty days of the final
5 publication of the notice or the third party's receipt of the notice, whichever is earlier,
6 petition the Court for a hearing and, with regard to this case, must show the Court that
7 they are "a bona fide purchaser for value of the right, title, or interest in the property and
8 was at the time of purchase reasonably without cause to believe that the property was
9 subject to forfeiture under this section." § 853(n)(2), (n)(6)(B).

10       In this case, the movants fail to establish grounds for a hearing for two reasons:
11 first, by the terms of the Letter that the Government sent to the movants on May 7,
12 2012, and second, under the terms of section 853(n).

13       The movants failed to file a claim within thirty days as the Letter directed or
14 within a reasonable time in spite of any confusion caused by Mr. Pixler's typographical
15 error. The Letter clearly informs the movants that the Court has "ordered" that the
16 Property has been "forfeited." (Doc. 217 at 5). Conspicuously, the cover letter does not
17 identify the address of the Property, it only refers to the Property as "certain property
18 belonging to the defendants in the above-styled criminal case." (*Id*.). The movants
19 were directed by the cover letter to refer to the enclosed Notice of Forfeiture for a
20 description of the actual property that had been forfeited. (*Id*.). The Letter dictates that
21 the movants had thirty days to file a claim. (*Id*.).

22       Movants' argument that the Letter "ill-direct[ed] [them] to file this instant
23 petition in the wrong federal court" (Doc. 217 at 2), does not give them legal right to the
24 Property and does not establish ground for a hearing. The Notice of Forfeiture enclosed
25 with the cover letter clearly directed the movants to file their claim with "the Clerk of
26 the Court, United States District Court for the District of Arizona, 401 West
27 Washington Street, Phoenix, AZ 85003," which is exactly who the movants filed their
28 ultimate claim with on October 25, 2012. *See* (Doc. 217). The argument that movants

were unaware of whom to file their claim with is unpersuasive. In addition, the movants failed to abide by the clear dictates in the Letter and file a claim within thirty days of receiving the Letter with the United States District Court for the District of Columbia or the United States District Court for the District of Arizona. Movants waited almost five months to file their petition.

Even if the movants had filed their petition within the requisite thirty days, the movants cannot establish that they have any legal right to the Property under section 853(n). The movants have proffered no evidence that shows they can establish that they are bona fide purchasers for value of the Property who at the time of receiving the Quit Claim Deed from Martin Chavez were reasonably without cause to believe that the Property was subject to forfeiture under this section. The Government properly filed a Lis Pendens with the Maricopa County Recorder over a year before Martin Chavez ever received purported interest in the Property. Even a rudimentary title search of the land records would have disclosed the Lis Pendens recorded by the Government. In addition, the Court entered an Order of Forfeiture prior to the movants receiving purported interest in the Property from Martin Chavez. The movants cannot be said to be "reasonably without cause to believe" if they did not research the title to check the validity of any conveyance from Martin Chavez. Accordingly, the movants have not raised a material issue upon which they could prevail if a hearing were held by the Court.

**B.  Motion for Appointment of Counsel (Doc. 229)**

The movants have also asked the Court to provide them with counsel. (Doc. 229). Upon the undisputed facts in this case the movants cannot prevail on a claim under section 853(n). The appointment of counsel will not alter these undisputed facts. Consequently, the Court will deny the movants' motion for appointment of counsel.

In addition, the movants filed a motion for an extension of time to file their Reply (Doc. 233) on May 7, 2013. The movants then filed their Reply on May 14, 2013

(Doc. 236). The Court has considered the movants' Reply in deciding on the pending motion. Accordingly, the motion for an extension of time will be denied as moot.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Angelina Mendoza Ochoa's and Jesus Arely Salazar's Motion for Leave to File for a Hearing of a Third Party Property Interest Under § 853(n)(2) Out of Time (Doc. 217) is denied.

**IT IS FURTHER ORDERED** that Angelina Mendoza Ochoa's and Jesus Arely Salazar's Motion for Appointment of Counsel (Doc. 229) is denied.

**IT IS FINALLY ORDERED** that Angelina Mendoza Ochoa's and Jesus Arely Salazar's Motion for an Enlargement of Time (Doc. 233) is denied as moot.

Dated this 29th day of July, 2013.

James A. Teilborg
Senior United States District Judge