**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | NO. CR 10-00666-PHX-JAT |
| Plaintiff, | |
| vs. | **ORDER** |
| Francisco Gomez Cazares, *et al.*, | |
| Defendants, | |

Pending before the Court is *pro se* third party movants', Angelina Mendoza Ochoa and Jesus Arely Salazar's (the "movants"), motion for summary judgment and request for an order to expunge Lis Pendens (Doc. 237), the movants' motion to expunge Lis Pendens with prejudice (Doc. 238), and the Government's motion to strike the movants' pleadings (Doc. 240). The Court will grant the Government's motion and deny the movants' motions for the following reasons.

## I. BACKGROUND

This case arose after an Indictment was returned in this action on May 20, 2010, charging five Defendants with two counts of violating laws concerning a Schedule II controlled substance. (Doc. 9). The movants were not among the Defendants. As part of the Indictment, it was ordered that upon conviction of one or more of the offenses, Defendants shall forfeit to the Government all right, title, and interest in a parcel of real estate commonly referred to as 6542 West Coolidge Street, Phoenix, Arizona 85033 and more particularly described as: Lot two hundred thirty-two (232), Parkside Unit Three,

1  According to the Plat of Records in the Office of the County Recorder of Maricopa
2  County, Arizona in Book 161 of Maps, Page 7 (the "Property").  (Doc. 9 at 2-3).
3  At the time of the Indictment the Property was titled in the name of Evangelina
4  Gomez and Jose Alfredo Garcia Mendoza who were not named as Defendants.  In order
5  to protect the interest of the Government in the Property, a Lis Pendens was recorded
6  with Maricopa County Recorder, Helen Purcell, on May 27, 2010, giving notice to all
7  interested persons that the Property was subject to forfeiture and any interest of the
8  Defendants and specifically the interests of Evangelina Gomez and Jose Alfredo Garcia
9  Mendoza, was subject to the United States pending to the outcome of this action.  (Doc.
10 220-1 at 2-3).
11 Over one year after the Lis Pendens was filed, on May 31, 2011, an Order of
12 Forfeiture was entered by the Court condemning and forfeiting the Property.  (Doc. 114,
13 115, 116).  The Order of Forfeiture directed the Government to publish notice of the
14 Order in a manner as the Government may direct and stated the Government "may also,
15 to the extent practicable, provide written notice to any person known to have an alleged
16 interest in the Subject Property."  (*Id*. at 2).
17 On June 2, 2011, Evangelina Gomez and Jose Alfredo Garcia Mendoza
18 purported to convey their interest in the Property by Quit Claim Deed to Martin Chavez.
19 (Doc. 220-1 at 5).  However, the legal description of this Quit Claim Deed incorrectly
20 identified the Property as Lot 202 rather than Lot 232.  *See* (*Id*.).  On August 8, 2011, a
21 new Quit Claim Deed was filed by Evangelina Gomez and Jose Alfredo Garcia
22 Mendoza, again purporting to convey their interest in the Property to Martin Chavez.
23 (*Id*. at 7).  Seventeen days later, on August 25, 2011, Martin Chavez purported to
24 convey his interest in the Property by Quit Claim Deed to the movants.  (Doc. 217 at 4).
25 Almost two years after the Lis Pendens was filed and a year after the Order of
26 Forfeiture was entered, on May 7, 2012, the Government sent a Notice of Third Party
27 Claimant Procedure (the "Letter") to the movants, addressed to Evangelina Gomez,
28 informing any third party that the Property was subject to forfeiture.  The Letter

1 contained a cover letter (*id*. at 5) explaining the situation to the movants and a Notice of
2 Forfeiture (Doc. 220-1 at 9) describing the Property and the Order of Forfeiture entered
3 by the Court over a year earlier. The cover letter instructed the movants that the Notice
4 of Forfeiture describes the property forfeited and the procedure for filing a claim to any
5 of the property in which they may have a legal right, title or interest. (Doc. 217 at 5).
6 The cover letter stated that the movants must file a claim by mail within thirty days of
7 the receipt of the Notice of Forfeiture or within thirty days of the last publication of the
8 Order of Forfeiture, whichever is earlier, and as of the date of the cover letter, the
9 Notice of Forfeiture had not yet been published so movants would likely only have
10 thirty days from receipt of the Letter to file a claim. (*Id*.). The cover letter also
11 instructed the movants that the appropriate addresses for filing a claim "appear in the
12 enclosed Notice of Forfeiture." (*Id*.).
13 　　　The movants sent a letter back to the Government in October 2012,
14 acknowledging receipt of the Government's "letter" and pointing out the typographical
15 error in the cover letter whereby the Government instructed the movants to file any
16 petition they may file with the "United States District Court for the District of
17 Columbia." (*Id*. at 7). The movants told the Government that they "consider the notice
18 defaulted" due to the error and that the error "should be basis to toll the time for a
19 proper and adequate petition." (*Id*.).
20 　　　On October 25, 2012, the movants filed a motion requesting a hearing on their
21 third party property interest (Doc. 217), a motion for appointment of counsel (Doc.
22 229), and a motion for extension of time to file their reply (Doc. 233). On May 23,
23 2012, the movants filed the pending motion for summary judgment (Doc. 237) and
24 motion to expunge the Lis Pendens (Doc. 238). On June 6, 2013, the Government filed
25 their pending motion to strike (Doc. 240). On July 29, 2013, the Court denied the
26 movants motion for a hearing, motion for appointment of counsel, and motion for a time
27 extension (Doc. 242).
28

1. On August 26, 2013, the movants appealed the Court's order to the Ninth Circuit Court of Appeals (Doc. 243). However, on September 18, 2013, the Court of Appeals dismissed the movants' appeal for failure to prosecute, effectively affirming the Court's order. (Doc. 246).

## II. ANALYSIS

Criminal forfeitures of property are governed by 21 U.S.C. § 853. Under section 853(a), property that is subject to forfeiture is any real property that a defendant, "convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year," "used, or intended to [ ] use[ ], in any manner or part, to commit, or to facilitate the commission of, such violation." § 853(a)(2). Further, third party transfers like the one at issue in this case are governed by subsection (c) which states,

> [a]ll right, title, and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section. Any such property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes in a hearing pursuant to subsection (n) of this section that he is a bona fide purchaser for value of such property who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture under this section.

§ 853(c). Under section 853(n)(1), "[t]he Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified." That is exactly what the Government has done in this case. A third party claimant that asserts a legal interest in the property which has been ordered forfeited to the United States may, within thirty days of the final publication of the notice or the third party's receipt of the notice, whichever is earlier, petition the Court for a hearing and must show the Court that they are "a bona fide purchaser for value of the right, title, or interest in the property and was at the time of

4

1 purchase reasonably without cause to believe that the property was subject to forfeiture
2 under this section." § 853(n)(2), (n)(6)(B).

3 In this case, as the Court found in its previous order the movants failed to file a
4 timely petition, they failed to establish any legal right to the Property, and the movants
5 were not entitled to a hearing on the matter. (Doc. 242 at 5-6). Now the movants have
6 filed dispositive motions in this case despite the fact that they lack standing to
7 participate in this action.

8 The Court filed a Preliminary Order of Forfeiture (Doc. 114) based upon
9 Francisco Gomez Cazares' plea of guilty (Doc. 176). The Preliminary Order of
10 Forfeiture became a Final Order of forfeiture by its own terms when no third party filed
11 a timely and valid petition. The movants' pleadings do not disturb that Order. Even if
12 the movants' pleadings were timely, the movants have presented no evidence that would
13 lead the Court to overturn the Final Order nor have the movants relied upon any
14 authority for their pleadings. Further, the movants' motion for summary judgment is
15 irrelevant to these proceedings. Motions for summary judgment are governed by
16 Federal Rule of Civil Procedure 56 and concern civil proceedings. This is an ancillary
17 proceeding in a criminal matter.

**III. CONCLUSION**

Based on the foregoing,

//
//
//
//
//
//
//
//
//

**IT IS ORDERED** that Angelina Mendoza Ochoa's and Jesus Arely Salazar's Motion for Summary Judgment (Doc. 237) is denied.

**IT IS FURTHER ORDERED** that Angelina Mendoza Ochoa's and Jesus Arely Salazar's Motion to Expunge Lis Pendens (Doc. 238) is denied.

**IT IS FINALLY ORDERED** that the Government's Motion to Strike the movants' pleadings (Doc. 240) is granted.

Dated this 27th day of September, 2013.

James A. Teilborg
Senior United States District Judge